U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

MAY - 6 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DEDRIC LEE WILEY<br>  FED. REG. NO. 02667-084<br>VS.<br><br>WARDEN JOE KEFFER | CIVIL ACTION NO. 08-0412<br><br>SECTION P<br>JUDGE DRELL<br>MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Dedric Lee Wiley, a prisoner in the custody of the Bureau of Prisons (BOP) who is incarcerated at the United States Penitentiary, Pollock, Louisiana, (USPP) filed the instant petition for writ of *habeas corpus* (28 U.S.C. §2241) on March 20, 2008. Wiley attacks the sentence imposed by the United States District Court for the Western District of Virginia following his 1998 felony convictions. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

*Background*

In 1998 petitioner pled guilty to bank robbery (18 U.S.C. §2113(d)), being a convicted felon in possession of a firearm, (18 U.S.C. §922(g)); and use of a firearm during a crime of violence (18 U.S.C. §924(c). He was sentenced to serve consecutive and concurrent sentences totaling 340 months. His sentences were affirmed on appeal by the United States Fourth

Circuit Court of Appeal. <u>United States v. Wiley</u>, 173 F.3d 853 (4th Cir. 1999)(Table). Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. §2255 on March 6, 2002; it was denied and dismissed on May 30, 2002. Petitioner then filed a motion to modify his sentence and on July 10, 2002 the sentence was amended to provide for a total of 310 months in custody. See <u>United States v. Wiley</u>, Docket No. 7:98-cr-00007 (W.D. Va.)[rec. docs. 14-16; 28]

On March 19, 2008 petitioner filed a petition for writ of *habeas corpus* in the United States District Court for the Western District of Virginia. He raised a claim for relief identical to the claim raised herein. After notice by the court pursuant to <u>Castro v. United States</u>, 540 U.S. 375 (2003) (requiring the district courts to give petitioners the opportunity to elect whether a criminal motion will be addressed as a §2255 motion), the petition was construed and addressed as a motion to vacate pursuant to 28 U.S.C. §2255[1] and dismissed as untimely. <u>U.S. v. Wiley</u>, No. 7:08-cv-00241 (W.D. Va.)

---

[1] The case was construed as a §2255 Motion because the court noted, "Wiley complains that the government breached the plea agreement when it recommended that Wiley receive a two level reduction for acceptance of responsibility, rather than a three level reduction. Wiley's claim clearly falls within the category of claims cognizable under §2255. Section 2255 provides that a person in custody under a federal sentence may move the sentencing court to vacate, set aside or correct his criminal sentence on the ground that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. [citations omitted]" <u>U.S. v. Wiley</u>, No. 7:08-cv-00241 (W.D. Va.).

On March 20, 2008 petitioner filed the instant petition for writ of *habeas corpus*. As noted, he raises a claim identical to the claim raised in the action filed in the Western District of Virginia – Petitioner again contends that the United States breached the plea agreement when they failed to credit him under the sentencing guidelines for accepting responsibility for his crime. [doc. 1, p. 9]

## *Law and Analysis*

*Habeas corpus* petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the <u>manner</u> in which a sentence is executed. See <u>Warren v. Miles</u>, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, a Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the <u>legality of their convictions or sentences</u>. See <u>Cox v. Warden, Fed. Det. Ctr.</u>, 911 F.2d 1111, 1113 (5th Cir.1990).

Petitioner seeks to collaterally attack the sentence imposed by the trial judge, claiming that the sentence is in violation of the plea agreement. As noted by the United States District Court for the Western District of Virginia, "Wiley's claim clearly falls within the category of claims cognizable under §2255." [See footnote 1, *supra*] Thus, petitioner's claim is more appropriately raised in a §2255 Motion to Vacate.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences <u>but only</u> if they satisfy the

§ 2255 "savings clause." See <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. <u>Reyes-Requena</u>, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir.2001); <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. <u>Jeffers</u>, 253 F.3d at 830; <u>Toliver v. Dobre</u>, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have

been raised either at his trial, appeal, or first Motion to Vacate. He has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause. Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. Tran v. Conner, 275 F.3d 1081 (5th Cir. 2001).

Accordingly,

**IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims. Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415**

(5th Cir. 1996).

    In Chambers at Alexandria, Louisiana, _May 5_, 2008.

                                                      JAMES D. KIRK
                                                      UNITED STATES MAGISTRATE JUDGE